UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REVENUE REALIZATION LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>H&R BLOCK, INC.,<br>HRB TAX GROUP, INC.,<br>H&R BLOCK TAX SERVICES LLC,<br>HRB DIGITAL LLC, and<br>DOES 1 through 50,<br><br>　　　　Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is a complaint for patent infringement by H&R Block, Inc., HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Digital LLC, and Does 1 through 50 (collectively referred to in this Complaint as "H&R Block Companies") of a patent invented by Samuel Baker and assigned to Revenue Realization LLC. A related action was previously filed in the United States District Court for the Northern District of Illinois, against Defendant H&R Block, Inc. only. That action was dismissed for lack of personal jurisdiction over H&R Block, Inc. in that judicial district.

## JURISDICTION AND VENUE

1. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* and, more particularly 35 U.S.C. § 271.

1

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement and 28 U.S.C. § 1367 in which the district courts have supplemental jurisdiction over all other claims that are so related to the claims for which the district court has original jurisdiction.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) and (c) because H&R Block resides in this district and a substantial part of the acts giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

4. Plaintiff Revenue Realization LLC ("Revenue Realization") is a limited liability company organized under the laws of the State of Illinois, with a principal office located at 1431 McHenry Road, Suite 213, Buffalo Grove, Illinois 60089.

5. H&R Block, Inc. is a corporation organized under the laws of the State of Missouri, with principle executive offices located at One H&R Block Way, Kansas City, Missouri 64105. H&R Block, Inc. may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

6. Defendant HRB Tax Group, Inc. is a corporation organized under the laws of the State of Missouri, with principle executive offices located at One H&R Block Way, Kansas City, Missouri 64105. HRB Tax Group, Inc. is a direct or indirect subsidiary of H&R Block, Inc. HRB Tax Group, Inc. may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

7. Defendant H&R Block Tax Services LLC is a limited liability company organized under the laws of the State of Missouri, with principal executive offices located at One H&R Block Way, Kansas City, Missouri 64105. On information and belief, H&R Block Tax Services LLC is a wholly-owned subsidiary of Defendant HRB Tax Group, Inc. On information and belief, Defendant H&R Block Tax Services LLC and Defendant HRB Tax Group, Inc. are under common corporate control. H&R Block Tax Services LLC may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

8. HRB Digital LLC is a limited liability company organized under the laws of the State of Delaware, with offices located at One H&R Block Way, Kansas City, Missouri 64105. HRB Digital LLC may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

9. Does 1-50 are other H&R Block-related business entities, affiliates, franchises and/or subsidiaries that are responsible in some way for the matters alleged herein and/or derive benefit from the practice of the matters alleged herein. Plaintiff does not know the true names of the Defendants sued herein as Does 1-50, and for that reason they are sued under fictitious names. Plaintiff seeks leave to amend this Complaint when the true names are known.

3

## BACKGROUND FACTS REGARDING THE PATENT

10. Sam Baker is a certified public accountant with decades of experience in the preparation and filing of tax returns.

11. Mr. Baker is the named inventor on United States Patent No. 7,257,553 B1 (the "'553 Patent"), entitled "Method and System for Aggregation and Exchange of Electronic Tax Information," which issued on August 14, 2007. The '553 patent claims priority to an earlier filing in 1999 and provisional filings in 1998.

12. Plaintiff Revenue Realization owns all right, title, and interest in the '553 patent.

## BACKGROUND FACTS REGARDING THE H&R BLOCK DEFENDANTS

13. Defendant H&R Block, Inc. is the master company in the H&R Block corporate hierarchy, with direct and indirect subsidiaries that deliver tax, retail banking, accounting and business consulting services and products, including income tax preparation businesses through retail, online and software. The H&R Block corporate family, which H&R Block, Inc. directly or indirectly owns and controls, consists of at least 80 separate corporate entities, including Defendants HRB Tax Group, Inc., H&R Block Tax Services LLC, HRB Digital LLC, and Does 1-50.

14. On information and belief, Defendant H&R Block, Inc. does not have a payroll. Defendant H&R Block, Inc. does, however, have several officers, directors, and other agents through which it acts. Through these officers, directors, and other agents, Defendant H&R Block, Inc. effectively directs and controls some or all of the 80 separate corporate entities that make up the H&R Block Corporate Family.

15. Officers and directors (or other agents) of Defendant H&R Block, Inc. also carry officer, director, manager, or other agent titles at one or more of the 80 separate corporate entities that make up the H&R Block Corporate Family.

16. One example of the overlapping director, manager, and agent roles, was provided by the resignation of Defendant H&R Block Inc.'s Chief Financial Officer, Becky Shulman, on approximately on April 30, 2010. As a condition of her resignation, Ms. Shulman was required to resign from 20 other officer and director positions she held with affiliates of H&R Block, Inc.

17. Many of the entities of the H&R Block Corporate Family (and all of the named corporate defendants in this matter) operate out the same office address: located at One H&R Block Way, Kansas City, Missouri 64105.

18. On information and belief, Defendant HRB Tax Group, Inc. provides retail income tax return preparation and related services via a system of retail offices operated by Defendant HRB Tax Group, Inc. and by franchisees that use the H&R Block$^{SM}$ name.

19. As of April 30, 2010, Defendant HRB Tax Group, Inc. owned and operated 7,191 tax preparation offices nationwide.

20. Defendant HRB Tax Group, Inc. is the parent company of Defendant H&R Block Tax Services LLC, franchisor of approximately 4,315 H&R Block$^{SM}$ tax preparation franchises nationwide as of April 30, 2010.

21. On information and belief, Defendant HRB Tax Group, Inc., either directly or indirectly through its subsidiary Defendant H&R Block Tax Services LLC that it controls, offers franchises as a way to expand the presence of H&R Block$^{SM}$ in certain

markets. These franchise arrangements provide Defendant HRB Tax Group, Inc. and/or H&R Block Tax Services LLC with certain rights designed to protect the H&R Block$^{SM}$ brand that is owned by an affiliate of Defendant HRB Tax Group, Inc., HRB Innovations, Inc. Most of H&R Block$^{SM}$ franchisees receive use of software that is owned by Defendant HRB Tax Group, Inc. (or a sister company or companies), access to product offerings and expertise, signs, specialized forms, local advertising, initial training and supervisory services, and pay Defendant HRB Tax Group, Inc. and/or Defendant H&R Block Tax Services LLC a percentage, typically approximately 30%, of gross tax return preparation and related service revenues as a franchise royalty.

22. On information and belief, Defendant HRB Tax Group, Inc., together with H&R Block$^{SM}$ franchisees, prepared 20.1 million tax returns in the U.S. during H&R Block Inc.'s fiscal year 2010.

23. Defendant HRB Digital LLC operates the website at www.hrblock.com, which is registered to HRB Innovations, Inc.

24. Defendant HRB Digital LLC, develops and markets H&R Block At Home™ income tax preparation software, which supports electronic filing of tax returns, through the website www.hrblock.com.

25. Defendant HRB Digital LLC also offers a comprehensive range of online tax services, from tax advice to complete professional and do-it-yourself tax return and preparation and electronic filing, through the website www.hrblock.com. This website allows clients to prepare their federal and state income tax returns using the H&R Block At Home™ Online Tax Program.

26. Defendant HRB Digital LLC also participates in the Free File Alliance. This alliance was created by the tax return preparation industry and the IRS, and allows qualified filers with adjusted gross incomes less than $57,000 to prepare and file their federal return online at no charge. This program increases H&R Block's visibility with new clients, while also providing an opportunity to offer its state return preparation and other services to these clients.

27. On information and belief, Defendant HRB Digital LLC, with its H&R Block At Home™ income tax preparation software, H&R Block At Home™ Online Tax Program, and Free File Alliance program, prepared 5.9 million digital tax returns in the U.S. during H&R Block, Inc.'s fiscal year 2010.

**FACTS REGARDING H&R BLOCK COMPANIES' INFRINGEMENT**

28. H&R Block Companies maintain systems and use methods for electronic aggregation of information compiled by entities preparing or handling tax information.

29. By way of example, H&R Block Companies provides its company-owned offices with computers to assist H&R Block Companies employees in the preparation or handling of tax returns for H&R Block clients.

30. H&R Block Companies franchises also own, maintain, and use computers to assist H&R Block Companies' franchise employees in the preparation or handling of tax returns.

31. On information and belief, H&R Block Companies develop and maintain a software program called Tax Preparation Software, for use by its company-owned stores and franchises in the preparation of tax returns.

32. H&R Block Companies own, maintain, and make available to their company-owned stores and its franchises a system of centralized computers and centralized computer databases in communication with the computers used at H&R Block Companies' and H&R Block Companies' franchises offices in the preparation or handling of tax returns.

33. On information and belief, H&R Block Companies' centralized computers and centralized computer databases are also made available to and used by users of H&R Block At Home™ Online Tax Program, H&R Block At Home™ software, and the Free File Alliance program.

34. In the case of the H&R Block At Home™ Online Tax Program, H&R Block Companies' centralized computers and centralized computer databases are used to prepare and store its customer's tax-related information, including information relating to its customers' tax returns.

35. In the case of the H&R Block At Home™ software, H&R Block Companies' centralized computers and centralized computer databases are used at least for those taxpayers using H&R Block's services to e-file their federal tax returns, in which case H&R Block stores a copy of the taxpayer's tax-related information, including information relating to its customer's tax returns, on H&R Block Companies' centralized computers and centralized computer databases.

36. In the case of the Free File Alliance program, H&R Block Companies' centralized computers and centralized computer databases are used to prepare and store its customer's tax-related information, including information relating to its customers' tax returns.

8

37. Thus, H&R Block Companies' centralized computers and centralized computer databases can be used and are used by H&R Block to receive and store information, including tax-related information, from: (1) the computers used at H&R Block-owned stores; (2) computers used at H&R Block franchises; (3) computers using the H&R Block At Home™ Online Tax Program; (4) computers using H&R Block's At Home™ software (at least to the extent the returns prepared using the software are e-filed using H&R Block's services); and (5) computers using H&R Block's Free File Alliance program.

38. H&R Block Companies' centralized databases that store information relating to tax returns are not databases maintained by a tax compliance authority.

39. H&R Block Companies expressly request their customers to allow H&R Block Companies to use its customers' tax-related information with similar information aggregated from other customers in a manner that does not identify the customer personally.

40. For example, HRB Digital LLC requires users of H&R Block At Home™ Online Tax Program and H&R Block At Home™ software to allow the use of their information as long as the information does not identify them personally. As set forth in the Privacy Notice for H&R Block At Home™ Web-Based Tax Services and Software (available at http://www.hrblock.com/universal/privacy_policy.html), users are informed that:

- "We collect certain personal information so that we may prepare your tax return. This information typically includes, for example, your name, address and certain other data such as your social security number, income and deductions data, and other personal information about you and your dependents that we need to prepare your tax return."

9

- "Generally, we look at the results of such data matching on an aggregated basis and use the results to help us better understand your use of our products and services."

- "You may not opt-out of the sharing of information that does not identify you personally."

41.     Similarly, H&R Block Companies request that customers using H&R Block Companies' retail services consent to allow H&R Block Companies to use the tax-related information that is collected to "develop, support or research non-tax preparation products and services offered or used by H&R Block or its affiliates (including H&R Block Bank); [Non-Tax Products Research Consent]."

42.     At least some of the customers using H&R Block Companies' retail services consent to allow H&R Block Companies to use tax-related information that is collected to develop, support or research non-tax preparation products and services offered or used by H&R Block Companies or their affiliates (including H&R Block Bank).

43.     H&R Block Companies in fact uses tax-related information that is collected to develop, support or research non-tax preparation products and services offered or used by H&R Block Companies or their affiliates (including H&R Block Bank).

44.     H&R Block Companies further request that customers using H&R Block Companies' retail services consent to allow the disclosure of tax return information to at least one third party (Burnett Direct, Inc.) "for the purpose of providing H&R Block with non-tax related product development and market research services."

45. At least some of the customers using H&R Block Companies' retail services consent to allow the disclosure of tax return information to third parties, including at a minimum Burnett Direct, Inc., "for the purpose of providing H&R Block with non-tax related product development and market research services."

46. H&R Block Companies, in conjunction with third parties (including at a minimum Burnett Direct, Inc.) in fact uses tax return information for product development and market research services.

47. H&R Block Companies centralized computers and centralized computer databases are capable of, and have been used to, fulfill requests not related to tax preparation.

48. H&R Block Companies fulfill requests not related to tax preparation, and, at least in some cases, fulfill such requests with data that has been stripped of information indicating the identities of persons connected with the information.

49. By way of example, H&R Block Companies provided researchers with aggregated tax return data for the non-tax compliance study "Information and Behavioral Responses to Taxation: Evidence from an Experiment with EITC Clients at H&R Block" by Raj Chetty and Emmanuel Saez (September 7, 2008). As set forth in the study: "Our analysis of the experimental results is based on anonymous statistical compilations prepared by H&R Block in accordance with applicable law. Those anonymous statistical compilations were constructed from internal data extracted from individual tax returns that were filed in 2007 and 2008."

50. By way of further example, H&R Block Companies provided researchers with aggregated tax return data for the non-tax compliance study "Teaching the Tax

Code: Earnings Responses to an Experiment with EITC Recipients" by Raj Chetty and Emmanuel Saez (National Bureau of Economic Research, April 2009). As set forth in the study: "Our analysis of the experimental results is based on anonymous statistical compilations prepared by H&R Block in accordance with applicable laws. These compilations were constructed from data extracted from tax returns filed in 2007 and 2008."

51. By way of further example, H&R Block Companies provided researchers with aggregated tax return data (including income level), for the non-tax compliance study "Experimental Estimates of the Barriers to Food Stamp Enrollment" by Diane Whitmore Schanzenbach, et al September, 2009. As set forth in the study, for at least one set of the data, "H&R Block provided to the researchers taxpayer-level data stripped of individually identifying characteristics."

52. The studies described above demonstrate that H&R Block Companies' systems are capable of, and have been used to, store and allow access to aggregated tax return data for non-tax compliance purposes when requests for such data are made, and that H&R Block Companies fulfilled such requests with data being free of identifiable characteristics.

53. On information and belief, in addition to the studies above, H&R Block Companies directly or through a contractual relationship with at least one third party (such as Burnett Direct) has made and is making use of its aggregated database or databases of tax return information for multiple non-tax compliance purposes. These include but are not limited to: (1) product development; (2) market research; (3) development, support, or research of non-tax preparation products and services offered

by H&R Block, Inc. and its subsidiaries and affiliates; (4) customer profiling; (5) customer behavioral analysis; (6) management performance analysis; and (7) targeting and segmentation (including wait-time analysis).

54. H&R Block Companies' use of tax return related information for non-tax return related purposes creates economic value for H&R Block, Inc. and its subsidiaries and affiliates.

## ALLEGATIONS RELATING TO WILLFUL INFRINGEMENT

55. Defendant H&R Block, Inc. has been aware of the specification of what led to the '553 patent since at least October, 2003, when Mr. Baker, through previous counsel, approached H&R Block, Inc. to discuss H&R Block, Inc.'s potential interest in taking a license to an earlier-issued patent in the '553 family.

56. Throughout the previous negotiations, H&R Block, Inc. never asserted that any claim of any patent in the patent family that includes the '553 patent was invalid for any reason.

57. Defendant HRB Tax Group, Inc. has been specifically aware of the '553 patent since at least June 9, 2008, when the '553 patent was cited by the United States Patent & Trademark Office in relation to a patent application (serial number 11/023282) filed by Defendant HRB Tax Group, Inc.

58. The law firm prosecuting HRB Tax Group, Inc.'s 11/023282 patent application, Standley Law Group LLP, was the same firm that had represented Defendant HRB Tax Group Inc.'s parent, H&R Block, Inc., with regard to previous licensing negotiations with Mr. Baker.

59. Despite general knowledge of the '553 patent's content and specific knowledge of the claims that issued in the '553 patent, H&R Block was objectively reckless in continuing to engage in methods that directly infringe the '553 patent. H&R Block knew of or should have known that there was an objectively high likelihood that its actions constituted infringement of a valid patent.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,257,553

60. Each allegation contained in paragraphs 1 to 59 is incorporated by reference as if set forth fully here.

61. H&R Block Companies have directly infringed and is directly infringing at least claims 1, 2, 5, 21, 22, 23, 27, 31, 33 and 37 of the '553 patent.

62. H&R Block Companies' infringement is willful and deliberate.

63. Plaintiff Revenue Realization has suffered and will continue to suffer damage from H&R Block Companies' infringement.

## Prayer for Relief

WHEREFORE, Plaintiff Revenue Realization requests the following relief:

A. That this Court adjudge and declare that at least claims 1, 2, 5, 21, 22, 23, 27, 31, 33 and 37 of the '553 patent have been and are infringed by H&R Block Companies;

B. That this Court award to Revenue Realization damages adequate to compensate it for H&R Block Companies' acts of infringement of the '553 patent complained of herein, together with interest thereon, but in no event less than a reasonable royalty, as required by 35 U.S.C. § 284, for the use made of the '553 patent;

C. That this Court determine that H&R Block Companies' infringement of the '553 patent was willful and award Plaintiff Revenue Realization enhanced damages up to three times actual damages as permitted by 35 U.S.C. § 284;

D. That prejudgment interest be awarded by the Court from the date infringement began for any amounts of actual damages;

E. That this Court declare this an exceptional case and award reasonable attorneys fee to Plaintiff Revenue Realization as permitted by 35 U.S.C. § 285;

F. That this Court enter an order enjoining H&R Block Companies from continuing to infringe the '553 patent; and

G. That this Court grant Revenue Realization such other and further relief as it may deem just and equitable.

## JURY DEMAND

Revenue Realization demands a trial by jury on all issues presented in this Complaint.


Dated: June 27, 2011						Respectfully submitted,


							/s/ Bradley T. Wilders

							David Berten  (*Pro Hac Vice* Forthcoming)
							dberten@giplg.com
							Nicholas Dudziak (*Pro Hac Vice* Forthcoming)
							ndudziak@giplg.com
							GLOBAL IP LAW GROUP, LLC
							233 S. Wacker Drive
							Suite 8400
							Chicago, Illinois 60606
							Phone:  312.283.8025
							Fax:     312.283.8026

							Patrick J. Stueve (MO Bar # 37682)
							stueve@stuevesiegel.com
							Bradley T. Wilders (MO Bar # 60444)
							wilders@stuevesiegel.com
							STUEVE SIEGEL HANSON LLP
							460 Nichols Rd., Suite 200
							Kansas City, Missouri 64112
							Telephone:     816-714-7100
							Facsimile:     816-714-7101